# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-0672** (Harrison County 12-F-174)

**Kenneth Michael Davidson,**
**Defendant Below, Petitioner**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth Michael Davidson's appeal, filed by counsel Jack E. Clark, arises from the Circuit Court of Harrison County's sentencing order after his convictions of possession of a controlled substance and obstructing a law enforcement officer. The circuit court issued this sentence by order entered on April 23, 2013. The State, by counsel Julie A. Warren, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the late evening of February 28, 2012, Sergeant Michelle Cross observed petitioner's vehicle parked in the middle of the road outside of the Parson's Hotel on North Fifth Street in Clarksburg, West Virginia. Thinking that petitioner may have been momentarily parked to unload or load the vehicle, Sergeant Cross proceeded to drive past petitioner and circled the block. However, when Sergeant Cross returned, she observed that petitioner's vehicle was still in the same position. Sergeant Cross thereafter parked her police cruiser behind petitioner's vehicle, turned on the emergency lights, and approached petitioner's vehicle from the passenger side.

According to Sergeant Cross's criminal complaint, upon approaching petitioner's vehicle, she could immediately detect a strong odor of marijuana emitting from the car. The criminal complaint also explained that petitioner "agreed to step out of the vehicle to speak with [Sergeant Cross] further about a consented search of the vehicle." When petitioner stepped out of the driver's side, Sergeant Cross observed a "marijuana smoking device" fall to the ground. At that point, Sergeant Cross attempted to place petitioner in handcuffs, but petitioner jerked away and attempted to flee on foot. After petitioner was finally restrained, Sergeant Cross inspected the vehicle and found a bag of marijuana outside of the car near the driver's side, a bag of marijuana behind the passenger's seat, and $350 on petitioner. As the case proceeded, petitioner filed a motion to suppress this evidence.

1

At the hearing on petitioner's motion to suppress evidence, Sergeant Cross testified that petitioner's vehicle was positioned in the middle of the road and that as she went to meet petitioner on his side of the car, a metal pipe fell to the ground. Sergeant Cross further testified that petitioner's vehicle was not running and that all of the lights visible to her were turned off. Following this hearing, the circuit court denied petitioner's motion and the case proceeded to trial.

The jury convicted petitioner of possession of a controlled substance and obstructing a law enforcement officer. At sentencing, the circuit court ordered petitioner to serve six months in jail for his conviction of possessing a controlled substance and to serve one year in jail and pay a fine of fifty dollars for his conviction of obstructing a law enforcement officer. The circuit court ordered that the jail sentences run concurrently. It is from this sentencing order that petitioner now appeals, arguing that the circuit court erroneously denied his motion to suppress evidence that Sergeant Cross seized from his vehicle.

We review orders concerning motions to suppress under the following standards of review:

> When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error.

Syl. Pt. 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996). Further, "[o]n appeal, legal conclusions made with regard to suppression determinations are reviewed *de novo*. Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard. In addition, factual findings based, at least in part, on determinations of witness credibility are accorded great deference." Syl. Pt. 3, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). Bearing in mind these standards of review and the case law pertinent to this matter, we turn to petitioner's assignments of error.

Petitioner raises two arguments on appeal. First, petitioner argues that the circuit court erred in failing to find that the police lacked a reasonable articulable suspicion to seize petitioner's vehicle. "Police officers may stop a vehicle to investigate if they have an articulable reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime." Syl. Pt. 1, in part, *State v. Stuart,* 192 W.Va. 428, 452 S.E.2d 886 (1994). "When evaluating whether or not particular facts establish reasonable suspicion, one must examine the totality of the circumstances, which includes both the quantity and quality of the information known by the police." Syl. Pt. 2, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). The record provides that Sergeant Cross observed petitioner stationed in the middle of the road for a considerable amount of time. After first seeing petitioner's vehicle, Sergeant Cross circled the block only to return to petitioner positioned in the same location with his engine and lights off. West Virginia Code § 17C-13-1(a) provides as follows:

2

Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.

Given the circumstances under which Sergeant Cross found petitioner's vehicle and the West Virginia statute that prohibits the obstruction of vehicles in the middle of the road without a clear view, we find no error with the circuit court's finding that Sergeant Cross had a reasonable, articulable suspicion to approach petitioner's vehicle.

Lastly, petitioner argues that the circuit court erred in failing to suppress the evidence found as a result of the illegal seizure. Petitioner argues that his arrest was the result of this illegal seizure and, therefore, his arrest and the evidence "seized" from the arrest was "unjustified" as "fruits of the poisonous tree." Respondent argues that the "fruits of the poisonous tree" doctrine is inapplicable here because there was no constitutional violation in the search and seizure of petitioner and his vehicle. We agree. We recognize the following:

Under the fruits of the poisonous tree doctrine "'[e]vidence which is located by the police as a result of information and leads obtained from illegal[ ] [conduct] constitutes 'the fruit of the poisonous tree' and is . . . inadmissible in evidence.'" We have observed, however, that "absent a constitutional violation, the 'fruits of the poisonous tree' doctrine has no applicability." *State v. Bradshaw*, 193 W.Va. 519, 540, 457 S.E.2d 456, 477 (1995).

*State v. DeWeese*, 213 W.Va. 339, 346, 582 S.E.2d 786, 793 (2003) (internal citations omitted).

As discussed, our review of the record indicates that Sergeant Cross decided to approach petitioner in his vehicle upon observing him improperly parked in the middle of the roadway. Upon approaching petitioner, Sergeant Cross immediately smelled marijuana emitting from petitioner's vehicle and proceeded to secure consent from petitioner to inspect his car. Petitioner consented to this search, and upon doing so, a metal pipe that smelled of marijuana fell from petitioner's side of the vehicle. In light of these circumstances and the law pertinent to this case, we find no error by the circuit court in denying petitioner's motion to suppress evidence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II